UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SOPHIA DOWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-1420-HEA |
| | ) |
| TRANSUNION LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a Joint Motion for Judgment on the Pleadings filed by Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC. [Doc. 47]. Plaintiff opposes the motion. [Doc. 51]. The motion is fully briefed and ready for disposition. For the reasons stated below, the motion will be granted in part and denied in part.

### BACKGROUND[1]

Plaintiff filed this action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax") (collectively "Defendants"). [Doc. 1]. Plaintiff alleges a willful violation of the

---

[1] The facts are taken from the Complaint and accepted as true for purposes of this motion. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

FCRA by the Defendants in Count 1 and a negligent violation of the FCRA by the Defendants in Count II. [*Id.*]. Defendants are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f) and are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties. [*Id.* at ¶¶ 9, 10, 12, 13].

Plaintiff opened an account with Bridgecrest Credit Company ("Bridgecrest") while she was married to Samuel T. Downs ("Downs" or "ex-husband"), but they later divorced. [*Id.* at ¶¶ 17, 18, 19, 20, 21, 22]. In their Marital Settlement and Separation Agreement, Downs is responsible for the Bridgecrest debt, which was approximately $3,818 as of the date of the judgment in the divorce case. [*Id.* at ¶ 23]. Based on that judgment, Plaintiff alleges she is not responsible for the Bridgecrest account. [*Id.* at ¶ 24]. However, negative reporting associated with the Bridgecrest account after the divorce continues to appear on Plaintiff's credit reports. [*Id.*]

Equifax lists the Bridgecrest account with a current balance of $3,818, an account status of "repossession," and a payment history of repossession from February 2021 through the present. [*Id.* at ¶ 30]. Experian lists the Bridgecrest account as "Potentially Negative" with a status of "Repossession. $3,818 past due

as of May 2023," a balance of $3,818, and a payment history of repossession from February 2021 through the present. [*Id.* at ¶ 31].

Plaintiff filed an online dispute with the Defendants and attached the Marital Settlement and Separation Agreement, but the credit reports were not changed. [*Id.* at ¶¶ 33, 34]. Plaintiff disputed the Bridgecrest account a second time with a letter dated April 19, 2023, sent by certified mail to the Defendants. [*Id.* at ¶ 35]. In her dispute, Plaintiff stated the account is no longer her responsibility and should not be reporting on her credit reports. [*Id.* at ¶ 36]. Plaintiff included a copy of the Marital Settlement and Separation Agreement with her dispute package. [*Id.* at ¶ 37]. According to United Postal Service, the letter and supporting documentation was delivered to Equifax on April 23, 2023, and to Experian on April 24, 2023. [*Id.* at ¶¶ 38, 40]. For more than thirty days after receiving Plaintiff's dispute, the Bridgecrest account continued reporting with the same information. [*Id.* at ¶ 41].

Plaintiff applied to Enterprise Bank and Trust for a mortgage and received a letter dated May 8, 2023 that her application was denied. [*Id.* at ¶ 48]. Among the reasons lists for her denial was "repossession." [*Id.* at ¶ 49]. The Bridgecrest account is the only account listed on Plaintiff's credit reports with a status of "repossession." [*Id.* at ¶ 50]. Plaintiff filed this lawsuit on November 7, 2023.

3

Defendants filed the instant motion pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B) seeking dismissal of Plaintiff's Complaint with prejudice for failure to state a claim.  [Doc. 47].  Defendants argue that the credit reports are not inaccurate for two reasons:  (1) the Marital Settlement and Separation Agreement does not affect Plaintiff's legal liability on the Bridgecrest account debt; and (2) Plaintiff sets forth a legal dispute which does not fall within the CRAs duty to reinvestigate factual inaccuracies under the FCRA.  [Doc. 48].

Plaintiff opposes the motion arguing:  (1) the judgment in the divorce case makes her ex-husband legally responsible for the debt; and (2) it is materially misleading to report the debt without any notation regarding the ex-husband's responsibility for the debt.  [Doc. 51].  Additionally, Plaintiff seeks leave to amend the Complaint to clarify that she is alleging a factual dispute due to the materially misleading nature of the credit reports.  [*Id*. at 19].  Defendants oppose the request arguing any amendment would be futile.  [Docs. 48 at 13-14, 54 at 11].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12 allows the Court to dismiss an action for failure to state a claim.  Under Rule 12(h)(2)(B), a motion to dismiss for failure to state a claim may be brought by a motion under Rule 12(c).  Under Rule 12(c), after the pleadings are closed a party may move for judgment on the pleadings.  "[J]udgment on the pleadings is appropriate where no material issue of fact

4

remains to be resolved and the movant is entitled to judgment as a matter of law." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (internal quotation marks and citations omitted).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). When considering a Rule 12(b)(6) motion, the Court assumes a complaint's well-pleaded factual allegations are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

When deciding a motion for judgment on the pleadings, a district court refrains from considering matters beyond the pleadings, other than certain public records and "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks and citations omitted).

## DISCUSSION

Under the FCRA, when preparing a credit report on a consumer, a CRA is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer brings a dispute to the CRA regarding the

completeness or accuracy of a credit report, the CRA must reinvestigate and record the current status of that information. 15 U.S.C. § 1681i(a). As part of its enforcement mechanism, the FCRA creates a private right of action against CRAs for negligent or willful violation of the duties imposed by that legislation. *Id*. §§ 1681n and o; *Murphy v. Midland Credit Mgmt., Inc*., 456 F.Supp.2d 1082, 1088 (E.D. Mo. 2006). To plead a viable claim under 15 U.S.C. § 1681e(b), a plaintiff must allege that the credit report was inaccurate, and the inaccuracy resulted from the CRA's failure to follow reasonable procedures. *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814-15 (8th Cir. 1979). Such a claim "is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Murphy*, 456 F.Supp.2d at 1089 (emphasis added).

    Plaintiff concedes that she opened the Bridgecrest account, but alleges she is no longer legally responsible for the account because her ex-husband assumed responsibility for the account in the divorce proceeding. Plaintiff offers no authority for her argument that the divorce proceeding affects her legal liability to Bridgecrest, a third-party not involved in the divorce proceeding. The divorce decree assigns responsibility for the marital debt to the ex-husband and provides for indemnity in the event the Plaintiff is "called upon to make any payment" on

6

the debt. [Doc. 1-1 at 19-20]. The credit reports are, therefore, technically accurate. Because the Complaint focuses only on Plaintiff's legal responsibility for the debt, it fails to state a claim. To that extent, Defendants' motion is granted.

In Plaintiff's response to the motion, she focuses on whether the reports are "materially misleading." [Doc. 51]. The Eighth Circuit has not decided whether a technically accurate but misleading report can qualify as inaccurate for the purposes of § 1681e(b) of the FCRA. *See Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 827 n.2 (8th Cir. 2013). However, multiple other circuits and district courts within the Eighth Circuit have held that a credit report can be inaccurate by being materially misleading. *See e.g., Beseke v. Equifax Info. Servs. LLC*, 420 F. Supp. 3d 885, 901 (D. Minn. 2019) (collecting cases). Because Plaintiff did not plead that the credit reports are materially misleading in the Complaint, that issue is not before the Court. However, the Court will allow Plaintiff to file an Amended Complaint to plead her claim on that basis. In that regard, Defendants' request in their motion for a dismissal with prejudice is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Judgment on the Pleadings, [Doc. 47], is **GRANTED in part** and **DENIED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with leave to amend the Complaint in accordance with this Order within 14 days. Failure to file an Amended Complaint within 14 days will result in a dismissal with prejudice.

Dated this 20th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE